UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES M. CARSON,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W COLVIN, Acting Commissioner of the Social Security Administration,<br><br>  Defendant. | CASE NO. 13-cv-05932 JRC<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 6; Consent to Proceed Before a United States Magistrate Judge, ECF No. 7). This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (*see* ECF No. 26). Defendant has no objection to plaintiff's request (*see* ECF No. 27).

The Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in

excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v. Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first to such agreement and will conduct an independent review to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved. *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the fee agreement is the primary means for determining the fee, the Court will adjust the fee downward if substandard representation was provided, if the attorney caused excessive delay, or if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

Here, the representation was standard, at least, and the results achieved excellent (*see* ECF No. 26, Attachment 3). *See Grisbrecht, supra*, 535 U.S. at 808. This Court remanded for further proceedings (*see* ECF No. 20) and following the second hearing, the ALJ awarded disability benefits to plaintiff (ECF No. 26, Attachment 1, p. 1, Attachment 3) There has not been excessive delay and no windfall will result from the requested fee.

The Social Security Administration ("SSA") has withheld $17,637.00 from plaintiff's past-due benefits to pay attorney's fees (*see* ECF No. 16, Attachment 3, p. 3). Plaintiff has moved for a net attorney's fee of $11,323.40 (*see* Motion, ECF No. 26, p. 1), and the Court has considered plaintiff's gross attorney's fee of $17,637.00 and the EAJA award received by plaintiff's attorney in the amount of $6,313.60 (ECF No. 25). *Parish v. Comm'r. Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012).

Based on plaintiff's motion and supporting documents (*see* ECF No. 26, 26-1, 26-3, 26-4, 26-5, 26-6), and with no objection from defendant (ECF No. 27), it is hereby ORDERED that attorney's fees in the amount of $11, 323.40 ($17,637.00 minus $6,313.60) be awarded to

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 2

1 | plaintiff's attorney pursuant to 42 U.S.C. § 406(b). When issuing the 42 U.S.C. § 406(b) check

2 | for payment to plaintiff's attorney, the Social Security Administration is directed to send to

3 | plaintiff's attorney the net balance of $11,323.40, minus any applicable processing fees as

4 | allowed by statute.  After paying the attorney's fees, the Social Security Administration shall

5 | release all remaining funds directly to plaintiff.

6 | Dated this 18th day of November, 2015.

J. Richard Creatura
United States Magistrate Judge

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 3